UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIE P. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-CV-00030-JRG-SKL |
| ) | |
| ) | |
| MCMINN COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

On April 18, 2022, this Court entered an Order providing Plaintiff twenty-one (21) days within which to show cause why the Court should not dismiss the sole Defendant, McMinn County, due to Plaintiff's failure to request entry of default against it [Doc. 9]. On April 25, 2022, the Court received Plaintiff's change of address to the Bledsoe County Correctional Complex [Doc. 10]. On the same date, the Court's April 18, 2022, Order was remailed to Plaintiff at his updated address. However, more than twenty-one (21) days have now passed since the Clerk remailed the Court's Order to Plaintiff's updated address, and he has not responded or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of

dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous Order is due to Plaintiff's willfulness and/or fault. Specifically, the Order was mailed to Plaintiff's updated address, and there is no indication that he did not receive the Order. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's Order has not prejudiced Defendant, as he has not appeared in this action. As to the third factor, the Court warned Plaintiff that he must show good cause why Defendant should not be dismissed [Doc. 9]. As to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is indigent. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith.


ENTER:

                        s/J. RONNIE GREER
                   UNITED STATES DISTRICT JUDGE